UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| ROBIN BAIR and FRANCIS ZEPHIER, | * | CIV 09-4009-RAL |
| Plaintiffs, | * | |
| -vs- | * | ORDER RULING ON MOTIONS IN LIMINE |
| ROBERT A. CALLAHAN, M.D., | * | |
| Defendant. | * | |

On August 27, 2010, this Court held a final pretrial conference and motion hearing in this case on Plaintiffs' Motion in Limine (Doc. 42) and Supplemental Motion in Limine (Doc. 50) and Defendant's Motion in Limine (Doc. 45). The Court addresses each part of these motions.

**A. Plaintiffs' Motion in Limine (Doc. 42)**

**Part 1:** Plaintiffs moved to exclude any evidence, testimony, or argument regarding any income or benefits the Plaintiffs may receive from any collateral source in the past, present, or future, including, but not limited to: (1) health insurance; (2) Indian Health Services; (3) workman's compensation; (4) Social Security benefits; (5) short-term or long-term disability payments; and (6) any governmental payments Plaintiffs may have received. Defendant did not object. This motion is granted.

**Part 2:** Plaintiffs moved to exclude any evidence, testimony, or argument as to who will be paying any verdict rendered in this matter. Defendant did not object. This motion is granted.

**Part 3:** Plaintiffs moved to exclude any evidence, cross-examination, or reference to proffered expert witness Dr. Stanley Gertzbein's hospital privileges being placed on administrative suspension, an inadvertent lapse in his Colorado medical license, an incorrect

answer on his re-application for a license to practice medicine in Colorado, stipulated findings by the Colorado Medical Board of Examiners, and a stipulated probationary term applied to his medical license reinstatement as set forth in the Plaintiffs' separate brief.

The Court has considered the circumstances surrounding Dr. Gertzbein's voluntary administrative suspension stemming from his decision not to practice following undergoing surgery and the lapse of his malpractice coverage at that time. Dr. Gertzbein's incorrect answer in the negative on his re-application regarding whether he had ever had his privileges suspended at a hospital is explainable because he was only placed on administrative suspension rather than a disciplinary suspension. Dr. Gertzbein's decision to forgo a formal hearing on the erroneous information on his re-application also is explainable by the fact that the stipulated probationary term resulted in immediate reinstatement of his Colorado license. This evidence is inadmissible under Rule 608 of the Federal Rules of Evidence and Rule 403. Any probative value of such evidence would be substantially outweighed by unfair prejudice. This motion is granted.

## B. Plaintiffs' Supplemental Motion in Limine (Doc. 50)

**Part 1.** Plaintiffs moved to exclude evidence, testimony, or argument that Plaintiff Bair engaged in a protest of the proposed construction of a hog confinement facility, at which Bair was arrested by Officer Fox and suffered an injury requiring a trip to the emergency room. The protest occurred in between the surgery performed on Bair by Dr. Callahan and the surgery performed on Bair by another doctor to alleviate Bair's alleged injuries. The emergency room records reflect that Bair may have sustained an injury to his low back, the area where the surgery had been performed, from being struck at the protest by a piece of machinery. A video apparently exists showing Bair getting struck.

The Court grants in part and denies in part this motion. At trial, the Court intends to

confine testimony concerning the protest, the hog confinement facility, or the reaction of members of the Yankton Sioux Tribe to that proposed facility. The Court defers ruling on whether the video is admissible until after having an opportunity to view the video. The Court will permit evidence that Bair had low back pain from being injured during the protest. The Court defers ruling on whether Officer Fox may testify regarding the protest.

**Part 2:** Plaintiffs moved to exclude evidence, testimony, or argument that Bair is now, or has ever been, addicted to prescription drugs. Defendant did not object to this motion, but it does intend to examine expert witnesses on the effects of any medications prescribed to Bair.

This motion is granted. This ruling does not prevent, however, evidence and questions regarding past or present medications prescribed to Bair.

**Part 3:** Plaintiffs moved to exclude evidence, testimony, or argument of a prior charge for public nuisance under S.D. Codified Laws § 22-36-1, a class 2 misdemeanor punishable by thirty days imprisonment and/or a $500 fine.

This motion is granted with respect to the citation issued to Bair for public nuisance. Evidence of such a citation is inadmissible under Rule 609 and Rule 403 of the Federal Rules of Evidence. Bair has not been convicted of public nuisance. Even if he was convicted, evidence of a prior conviction could only be admissible if the offense is punishable by death or imprisonment in excess of one year or is an act of dishonesty or false statement. Public nuisance is neither.

## C. Defendant's Motion in Limine

**Part 1:** Defendant moved to exclude arguments, evidence, and testimony that Dr. Callahan had, or currently has, malpractice insurance. Plaintiffs did not object. Whether a defendant physician in a medical malpractice case has insurance is not admissible and would be unfairly prejudicial. See Hoffman v. Royer, 359 N.W.2d 387 (S.D. 1984) ("The fact that a

-3-

defendant has liability insurance is not a relevant issue in a personal injury action."), 375 N.W.2d 642 (S.D. 1985); Fed. R. Evid. 411. This motion is granted.

**Part 2:** The Court defers ruling on this motion.

**Part 3:** The Court defers ruling on this motion.

**Part 4:** The Court defers ruling on this motion.

**Part 5:** Defendant moved to exclude depositions generated in the other lawsuits that have been brought against Dr. Callahan. The Court grants in part and denies in part Defendant's motion. The deposition transcripts may be allowed only for impeachment purposes. The deposition transcripts may be identified only by the date of the deposition or in some other manner that does not reveal that Dr. Callahan has been sued on other occasions.

**Part 6:** Defendant moved to exclude opinions and testimony by Dr. Dowdle focusing on Dr. Callahan's alleged success rate in the placement of pedicle screws in Bair or other patients. Plaintiffs did not object and stated that they do not intend to call Dr. Dowdle as a witness during the trial. (Doc. 49, at 11). This motion is granted.

**Part 7:** Defendant moved to exclude arguments, evidence, or references to Dr. Callahan's marital history. This motion is granted at this time, because such evidence would be substantially more unfairly prejudicial than probative. Plaintiffs have not identified any specific evidence tying Defendant's marital discord to the surgery on Bair. Plaintiffs made a similar motion at the hearing to prohibit any reference to the marital history of Plaintiff Bair or Plaintiff Zephier. That motion also is granted.

**Part 8:** Defendant moved to exclude testimony or reference to child support orders or child-support proceedings involving Dr. Callahan arising out of the State of Florida. This motion is granted because such evidence would be substantially more unfairly prejudicial than probative.

Plaintiffs made a similar motion at the hearing to prohibit any reference to any child-support proceedings involving Plaintiff Bair or Plaintiff Zephier. That motion also is granted.

**Part 9:** Defendant moved to exclude evidence of Dr. Callahan's salary or earnings while working at Yankton Medical Clinic. Plaintiffs objected on the ground that whether Dr. Callahan left South Dakota to take a substantially decreased salary is relevant to whether he was forced out of the Yankton Medical Clinic. Defendant's motion is granted because such evidence would be minimally relevant, at best, and any probative value would be substantially outweighed by unfair prejudice and the waste of judicial resources on a mini-trial on whether Dr. Callahan resigned, was terminated, or was forced out of practice at Yankton Medical Clinic.

**Part 10:** Defendant moved to exclude evidence, testimony, or arguments related to Dr. Callahan's stroke in April of 1995 or his subsequent rehabilitation. According to Plaintiffs, evidence that Dr. Callahan's foot was numb following a stroke is relevant to whether Dr. Callahan had a diminished capacity to provide proper medical care and treatment to patients. Plaintiffs have no evidence directly tying the stroke or subsequent rehabilitation to Dr. Callahan's performance. Thus, anything related to Dr. Callahan's stroke is irrelevant, or at least such that any probative value is substantially outweighed by the danger of unfair prejudice. This motion is granted.

**Part 11:** Defendant moved to exclude evidence, testimony, or arguments regarding Dr. Callahan's interactions with staff and other physicians and whether he was liked by his co-workers. Plaintiffs did not object. Because such evidence is irrelevant, this motion is granted.

**Part 12:** Defendant moved to exclude arguments, evidence, testimony, or opinions stating or implying that staff and physicians Dr. Callahan worked with while practicing in Yankton, South Dakota, were critical of his quality of work or his abilities as a surgeon. This motion is

granted, except for purposes of impeachment.

**Part 13:** The Court defers ruling on this motion.

**Part 14:** Defendant moved to exclude evidence, testimony, opinions, and arguments related to the issue of Plaintiffs' monetary damages that was not disclosed under Rule 26. This motion is denied as related to itemization of past medical bills, and the Court defers ruling with respect to the remaining subject matter of Part 14. The Court will consider the admissibility of evidence regarding this subject matter as such evidence is proffered during trial.

**Part 15:** Defendant moved to exclude the opinions and testimony of Linda Graham, R.N., L.C.P. Plaintiffs objected, arguing that the opinions of life care planner Linda Graham pass the standard for admission of expert testimony established by Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993). Defendant's motion is denied at this time. However, at trial Plaintiffs must lay proper foundation for Ms. Graham's expertise and opinions prior to this Court's final determination of whether Ms. Graham's testimony satisfies the Daubert standard.

**Part 16:** Defendant moved to exclude any standard of care opinions by Dr. Quentin Durward. Plaintiffs object. Dr. Durward was deposed for use at trial last week. The Court defers ruling on this motion until after Dr. Durward's deposition is filed by Defendant, along with line-by-line objections to the applicable portions of the deposition transcript.

**Part 17:** Defendant moved to exclude a Microsoft PowerPoint presentation by Dr. Gertzbein on the grounds that the presentation does not fairly and accurately reflect the factual issues in this case. Defendant contends that it is unclear whether the pedicle screws depicted in the slides are of the same brand, type, and dimensions as those placed by Dr. Callahan in Bair. Plaintiffs objected and noted that they solely intend to use the presentation as a demonstrative exhibit and as an educational tool for the jury.

Subject to proper authentication under Rule 901, such a demonstrative exhibit is admissible. Defendant's concerns may properly be addressed on cross-examination of Dr. Gertzbein. Therefore, Defendant's motion is denied.

**Part 18:** Defendant moved for an order that all fact witnesses be sequestered. Plaintiffs do not object and indeed joined in the motion. This motion is granted with respect to all non-party fact witnesses.

**Part 19:** Defendant moved for the Court to exclude from trial all evidence, testimony, or references to any settlement discussions that may have occurred in this case or in the other cases involving Dr. Callahan. Plaintiffs do not object. Because such evidence is inadmissible under Rule 408, this motion is granted.

**Part 20:** Defendant moved to exclude from trial any argument that Dr. Callahan departed from the standard of care based on the medical facility where Bair's surgery was performed. Plaintiffs did not object. This motion is granted.

**Part 21:** Defendant moved to exclude from trial any argument that the rod in Bair's back became loose due to Dr. Callahan's alleged negligence. Plaintiffs intend to call expert witnesses concerning whether Dr. Callahan treated Bair consistently with the standard of care in the profession. Whether a breach of this duty resulted in one of the rods connecting the four pedicle screws in Bair's lumbar spine may be relevant to this case. This motion is denied.

**Part 22:** Defendant moved to exclude Dr. Callahan's deposition comments about surgical and support staff while he was practicing in Yankton. The Court denies this motion, and Dr. Callahan may be questioned regarding whether he believed the surgical and support staff in Yankton were inadequate.

**Part 23:** Defendant moved to exclude Dr. Callahan's comments that he felt Yankton

Medical Clinic treated him less favorably because of his age. As discussed earlier, the lawsuit surrounding Dr. Callahan's departure from Yankton Medical Clinic and the issues of whether he was terminated, forced out, or involuntarily quit are not the issues to be tried here. This is a medical malpractice case regarding Plaintiff Bair. Because such comments about possible age discrimination are irrelevant to the issues in this case, this motion is granted.

## D. Conclusion

For the foregoing, it is hereby

ORDERED that Plaintiffs' Motion in Limine (Doc. 42) is granted in full. It is further

ORDERED that Plaintiffs' Supplemental Motion in Limine (Doc. 50) is granted in part and denied in part and deferred in part as set forth in detail above. It is further

ORDERED that Defendant's Motion in Limine (Doc. 45) is granted in part and denied in part and deferred in part as set forth in detail above.

Dated August 30, 2010.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE